**Michael W. JENKINS, Petitioner—Appellant,**

v.

**Robert SCHIEDLER, Respondent—Appellee.**

No. 05–35443.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 26, 2006.

Filed Aug. 8, 2006.

Lisa Hay, FPDOR–Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Lester R. Huntsinger, AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: GOODWIN, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM *

Oregon state prisoner Michael Jenkins appeals the judgment denying his petition for relief under 28 U.S.C. § 2254. His only constitutional question is whether Or. Rev.Stat. § 144.125(3), enacted in 1981, after his conviction of felonies in 1979, when an earlier version of Oregon's prison parole release system was in effect, violates the rule against *ex post facto* application of criminal laws. We affirm the judgment.

The earlier Oregon parole statute had been held unconstitutional in part in litigation in the United States District Court for the District of Oregon, and the state Legislative Assembly amended the law. The earlier law had permitted the state to postpone parole release of any prisoner with a psychiatric diagnosis of present severe emotional disturbance. The amended law provided: "If a psychiatric or psychological diagnosis of present severe emotional disturbance *such as to constitute a danger to the health or safety of the community* has been made with respect to the prisoner, the board may order the postponement of the scheduled release date until a specified future date." Or.Rev.Stat. § 144.125(3) (1981) (emphasis added).

Pursuant to the amended statute, the board concluded that the prisoner was not suitable for release on the originally scheduled date. Jenkins challenged the decision in the state courts as in violation of the *ex post facto* rule, without success. Because the amended statute in no manner disadvantaged the prisoner, but on the contrary, gave him a right to individualized consideration on a case by case basis which the earlier statute had not provided, his situation with regard to early release was no worse after 1981 than it had been in 1979 when he committed the crimes for which

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

he was sentenced. Nor is petitioner correct that the ex post facto rule applies because the version of the statute in effect when he committed his crimes was subsequently found to be unconstitutional. *See Dobbert v. Florida,* 432 U.S. 282, 294, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).

Accordingly, Jenkins has not shown that the Oregon courts applied clearly established Federal law in an unreasonable manner. 28 U.S.C. § 2254(d).

AFFIRMED.